Thacher, J.,
said he was in favor of a new trial, on the ground that the letter and account stated ought to have been admitted in evidence in explanation of the contract between the parties at the time of making the note; that it was competent to the defendant to prove by the evidence offered that the whole contents of the note were not due; that it was the province of the jury to say whether the letter related to the note, and was to have the operation and effect contended for by the counsel for the defendant; if such was in fact the intention, the present verdict ought not to stand.
Sewall, J.
If the note upon which the present action is brought were a mercantile note, actually negotiated, I should be opposed to the admission of any evidence whatever, which might vary the sum originally recoverable upon it. The law has guarded the credit of notes which the parties have made negotiable, (when actually negotiated,) by rules established for the security of third persons not parties in the original contract. Kyd, 280. But these [ * 303 ] rules have never been applied, as I recollect, * in cases arising upon bonds, written promises, or other contracts not negotiable or not negotiated, where the parties in the contract are the parties in the trial. The defence attempted in this case seems to have been in the nature of a set-off or counter-demand. To this purpose, after the origin of the note demanded and the notice of the consideration for which it had been given, had been shown by the defendant, he has attempted further to show that, by an additional agreement of the parties, made at the same time, corresponding with thq other circumstances proved, and, in a certain event, then anticipated, which has since occurred, he is entitled to a deduction or discount from the note demanded. The deed of the Dorchester land, and the amount stated upon the estimate, which became the consideration of that sale, concur in establishing the note declared on by the plaintiff. And, as I apprehend, it is not inconsistent with the note, or with the other part of the evidence for the defendant, to show, that the estimate or price of the Dorchester land, forming an important part of the account stated and resulting in the note declared on, had been conditionally assented to by the parties. The note, as the ground of this action, remains entire according to the tenor of it; but the sum recoverable upon it may be varied, according to an additional agreement of the parties. It has been objected, that the admission of evidence to this effect, would be contrary to the general principle or rule, that written contracts are not to be varied by parole testimony. 3 Wils. 276. This principle of law cannot be questioned ; and if it applies in this case, the defect in *229 the mode of proof is not supplied by the after-writing of Lewis, which makes no part of the original agreement. My opinion, resulting from the view which I have suggested of this case, is, that this principle does not apply, where the evidence * objected to, is of a collateral agreement offered in' [ * 304- ] mitigation of the damages recoverable upon the original contract. The evidence which was rejected in this case is similar, as I apprehend it, to evidence of a partial payment, accord, and satisfaction, or other discharge of a written contract, which may be .received from parole testimony. 2 Lev. 81, 144, Bul. ni. pri. 152, 153.
It has been further argued that the evidence offered was insufficient, not being in writing; because the collateral agreement proposed to be proved was a bargain or trust respecting lands, and therefore within the statute of March 10, 1784, (stat. 1783, c. 37,) or an agreement within the statute to prevent fraud and perjury. (stat. June 19, 1788.)
As to the first of these objections, I do not perceive that the supposed agreement had any relation to the sale of the Dorchester lxnd, though grounded on the price or estimate taken as the consideration of the sale. That bargain was completed at the time, and will not be affected by any event of the present case. And as to the second of these objections, the only clause of the statute of frauds which has any apparent application in this case, is that requiring all agreements, which are not to be performed within one year from the making thereof, to be in writing. The construction of that clause has been that only such agreements are within it, as are expressly limited for the time of their performance beyond one year. Stra. 506. Salk. 280. In the agreement attempted to be proved there was no limitation of the time of performance. However, if the supposed agreement may be considered as within either of the statutes mentioned, I am of opinion that the after-writing of Lewis supplies this defect, so far as to take the case out of those statutes, upon the authority of the case cited, by the counsel for the defendant, from Strange’s Deports. Upon the whole, 1 think * that the evidence of this collateral agreement, [ * 305 ] and especially the statement of it by the letter of Lewis, the plaintiff, ought to have been admitted to the jury; and that there must be a new trial, that this evidence may be considered in the defence.
Sedgwick, J.
This case comes before the Court on a motion for a new trial. The facts appear, in substance, to be that, the plaintiff being indebted to the defendant in a considerable sum of money, an account was stated between them, and the balance struck; that *230 it was agreed that a real estate in Dorchester, which was estimated to be worth $9,500, should be conveyed by the plaintiff to the defendant ; that taking it for granted that the estate was of the estimated value, there would then be a balance in favor of the plaintiff to ‘the amount of the note, and that for this balance the note should be given ; that in pursuance of this agreement the deed was executed and the note given. At this time no other writing passed between the parties; that at the trial a letter of the following tenor [here the judge read the letter] was offered and rejected; apd it was stated that evidence would be given that the land did not. produce on the sale more than $8000 ; and said that the difference between that sum and $9,500, at which the land was received by the defendant, ought to be deducted from the note. If this rejection was right, the verdict ought to stand ; otherwise there must be a new trial. The counsel for the plaintiff has stated five reasons why the evidence offered by the defendant, ought to have been rejected. 1. That it went to contradict the consideration expressed in the deed, which is, $9,500. To this I answer that it is not an attempt to contradict, in any sense, the consideration expressed in the deed ; so far from it, that the deed is in no sense in question in this action.
The second reason was that this is against the statute of [ * 306 ] frauds; setting up a parole agreement to * raise a confidence or trust out of lands. To this again I answer that there is no claim whatever by it, formed on the land or any thing out of it. The third reason given was, that it was an attempt to control, against the principles of the common law, written by parole evidence. To this I say that the letter is as much written evidence as the note, and, whether written at the time or afterwards, it as much avoids, in the one case as the other, the mischief intended to be guarded against by the establishment of the principle alluded to in the objection ; and which principle I admit in its full extent. Again, it was said that the letter is not relevant. It is certainly susceptible of explanation ; but it speaks of a conveyance of property by the plaintiff to the defendant; that this property lay in Dorchester; and it is agreed that the property, for which the note was given, does lie in Dorchester ; it speaks of an account, which account was produced, and which mentions such a note as that on which the action was brought. All this appears to me to be good primi facie evidence to be submitted to the jury. It was again objected that there is no mutuality between the parties ; that, if the land should have sold for more than was justly due to the defendant, the plaintiff had no means of recovering the surplus, he having, as it is said, no written contract for that purpose. This objection, at first, had considerable weight with me ; but I do not know that it was certainly to be concluded that the *231 plaintiff had no writing from the defendant: and I think there is some reason to doubt whether, if he trusted to the personal honor of the defendant, he ought to be permitted, for that reason, to violate his own honest contract. I am of opinion that a new trial ought to be granted.
Strong, J.
(after stating the case.) The question is, whether the rejection of the letter offered in evidence is a ground for granting a new trial. I am *so unfortunate as to [ * 307 ] differ in opinion from my brethren. It -is conceded by all that no parole evidence is admissible to vary a written agreement. Whatever evidence is admitted which tends to show that the sum expressed in the note never was the sum actually due, goes to vary the note. The evidence offered is not in the nature of payment, or acknowledgment that a sum received ought to be endorsed on the note, but it is to make a substantial variance in t.he contract which is evidenced by the note. The question then is, whether the letter is admissible for that purpose. It has been said that it is, because the letter is written evidence—evidence of as high a nature as the note itself; I think otherwise. The letter, at'the utmost, cannot beconsidered as any thing more than parole evidence; it is evidence of what was merely by parole at the time of giving the note. If such parole agreement was originally void, could have no effect upon the note, no subsequent act could vary the nature of the evidence; it could not make the evidence of a higher nature than it was at first. If it is admissible to reduce the note, it must be on the principle that the defendant was entitled to the reduction by way of set-off; but we have no statute authorizing a set-off [in a case like this.] It is inadmissible to diminish the note ; because diminishing the sum is varying the written contract. (1) Besides, in this case there was no mutuality ; had the land sold for more than the estimate, the plaintiff would have had no remedy. Suppose the land had sold for more than the estimated value ; could the plaintiff have declared for more, and given the note in evidence in support of his declaration ? Certainly not. If the plaintiff is to be limited by the sum in the note, then for the same reason the defendant cannot vary from it. In every point of view in which I have been able to look at this case, I can see no reason for a new trial. Possibly substantial justice * might be done by admitting the evi- [ * 308 ] dence ; but the Court ought not to break through the settled rules of law for the benefit of a single individual.
*232 Dana, C. J., gave no opinion, as a majority of the Court was in favor of granting a new trial.

New trial granted

 The words in brackets are added by the editor. The judge certainly could not have meant that we have no statute of set-off, for he certainly knew that there are particular cases in which a set-off is authorized by our statutes. Perhaps he meant to be understood that we have no general statute of set-off.